UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS TOOLEY, | ) | |
| an individual, | ) | |
| | ) | CASE NO.: 1:19-cv-6569 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| WOODFIELD MALL LLC, | ) | |
| a Delaware Limited Liability Company, | ) | |
| | ) | |
| MACY'S RETAIL HOLDINGS, INC., | ) | |
| a New York Corporation, | ) | |
| | ) | |
| J.C. PENNEY CORPORATION, INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NORDSTROM, INC., | ) | |
| a Washington Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

**COMPLAINT**

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues WOODFIELD MALL LLC, a Delaware Limited Liability Company, MACY'S RETAIL HOLDINGS, INC., a New York Corporation, J.C. PENNEY CORPORATION, INC., a Delaware Corporation and NORDSTROM, INC., a Washington Corporation for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the

Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as

1

the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff, DENNIS TOOLEY, (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana, however, he has family in the Schaumburg area. Additionally, he is a talent scout for comedians and visits the comedy clubs in the area frequently to search for new talent.

4.      Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA.  MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5.      Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.

6.      Defendant, WOODFIELD MALL LLC, a Delaware Limited Liability Company, (hereinafter referred to as "WOODFIELD" or "Defendant"), is registered to do business in the State of Illinois.  Upon information and belief, WOODFIELD is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Woodfield Mall, generally located at 1000 E. Woodfield Rd, Schaumburg, Illinois 60173.

7.      Defendant, MACY'S RETAIL HOLDINGS, INC., a New York Corporation, (hereinafter referred to as "MACY'S" or "Defendant"), is registered to do business in the State of Illinois.  Upon information and belief, MACY'S is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property,

2

known as Macy's at Woodfield Mall, generally located at 1 Woodfield Mall, Schaumburg, Illinois 60173.

8.      Defendant, J.C. PENNEY CORPORATION, INC., a Delaware Corporation, (hereinafter referred to as "JCP" or "Defendant"), is registered to do business in the State of Illinois. Upon information and belief, JCP is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as J.C. Penney at Woodfield Mall, generally located at 3 Woodfield Mall, Schaumburg, Illinois 60173.

9.      Defendant, NORDSTROM, INC., a Washington Corporation, (hereinafter referred to as "NORDSTROM" or "Defendant"), is registered to do business in the State of Illinois. Upon information and belief, NORDSTROM is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Nordstrom at Woodfield Mall, generally located at 1000 E. Woodfield Rd, Schaumburg, Illinois 60173.

10.    All events giving rise to this lawsuit occurred in the Northern District of Illinois.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11.    Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

12.    The Property, a shopping mall, is open to the public and provides goods and services to the public.

13.    Plaintiff MR. TOOLEY visited the Property, generally located at 5 Woodfield Mall, Schaumburg, IL 60173 and attempted to utilize the goods and services offered at the Property.

14.    During his visits, MR. TOOLEY experienced serious difficulty accessing the goods and

utilizing the services therein due to the architectural barriers discussed in this Complaint.

15.    MR. TOOLEY still desires to visit the Property, but fears that he will again encounter

serious difficulty and safety hazards due to the barriers discussed herein which still exist.

16.    Despite the difficulties, MR. TOOLEY still enjoys the selection of stores and eateries at

the Property and  plans to and will visit the Property in the near future to utilize the goods

and services offered thereon during his next planned trip to Chicago in December and at

least 2-3 times a year after that.

17.    Defendants are in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq.

and is discriminating against the Plaintiff due to Defendants' failure to provide and/or

correct, *inter alia,* the following barriers to access which were personally observed and

encountered by Plaintiff and which completely prevented his access to the store:

      A.    Plaintiff personally encountered inaccessible parking designated as

accessible servicing the lower level and upper level in the parking deck,

Nordstroms, Improv Comedy Club, Sears, Macys, and J.C. Penney due to

excessive long and cross slopes;

      B.    Plaintiff personally encountered inaccessible parking designated as

accessible servicing Kura and Macys due to sewer grates improperly

placed in access aisles;

      C.    Plaintiff personally encountered inaccessible routes on routes designated

as accessible throughout the Property due to excessive long and cross

slopes; and

D.    Plaintiff personally encountered inaccessible ramps and curb ramps on designated accessible routes due to excessive lips, excessive slopes, excessively sloped side flares.

18.    Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

19.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

20.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants, and requests the following injunctive and declaratory relief:

A.    That the Court declares that the Property owned and operated by Defendants are in violation of the ADA;

B.    That the Court enter an Order directing Defendants to alter its facility to make it accessible and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing Defendants to evaluate and

neutralize its policies and procedures towards persons with

disabilities for such reasonable time so as to allow Defendants to

undertake and complete corrective procedures;

D.      That the Court award reasonable attorneys' fees, costs (including

expert fees), and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems

necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (305) 891-4512

By: */s/ Brian W. Coffman, Esq.*
Brian W. Coffman, Esq. #6285942
COFFMAN LAW OFFICES P.C.
Of Counsel
2615 North Sheffield Avenue, Suite #1
Chicago, IL 60614
Tel: 773-348-1295
Fax: 773-242-6188
Email: bcoffmanlaw@gmail.com